**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KENNETH SANCHEZ and
KATHY SANCHEZ,

        Plaintiffs,

vs.                                     1:24-cv-00255-JB/KRS

EP EXPEDITED TRANSPORT LLC,
ROGELIO MARTINEZ, XPO LOGISTICS FREIGHT,
INC., RXO CAPACITY SOLUTIONS, LLC, ROCK
SAFETY SOLUTIONS, LLC, ABC CORPORATIONS,
123 PARTNERSHIPS, and XYZ LIMITED
LIABILITY COMPANIES,

        Defendants.

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

    Pursuant to FED. R. CIV. P. 26(f), a meeting was held on May 7, 2026, at 9:00 a.m. and

was attended by:

    Deena L. Buchanan
    Buchanan Law Firm, LLC
    5345 Wyoming BLVD. NE, Suite 202
    Albuquerque, NM 87109
    (505) 900-3559
    deena@dbuchananlaw.com

For Plaintiffs Kenneth Sanchez and Kathy Sanchez;

    Peter J. Kester
    5854 Blackshire Path
    Inver Grove Heights, MN 55076
    (651) 224-3833
    pete@crawfordkester.com

For Plaintiffs Kenneth Sanchez and Kathy Sanchez;

    Seth L. Sparks
    201 Third Street NW Ste. 2200
    Albuquerque, NM 87102
    (505) 765-5900
    ssparks@rodey.com

For Defendants EP Expedited Transport LLC and Rogelio Martinez;

> Brian J. Fischer
> 750 N. St. Paul Street
> Ste. 700
> Dallas, TX 75201
> (505) 483-1840
> bfischer@mayerllp.com

For Defendants XPO Logistics Freight, Inc. and RXO Capacity Solutions, LLC.

## NATURE OF THE CASE

This is a civil action brought by Plaintiffs Kenneth Sanchez and Kathy Sanchez for damages resulting from alleged injuries sustained in a motor vehicle accident with a vehicle driven by Rogelio Martinez. Plaintiff seeks damages based on theories of negligence and respondeat superior. In addition, Plaintiff seeks punitive damages. Defendants EP Expedited Transport LLC, Rogelio Martinez, XPO Logistics Freight, Inc., and RXO Capacity Solutions, LLC deny liability. Defendant Rock Safety Solutions, LLC has not appeared in this case.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:

Plaintiff(s) should be allowed until _____ to move to amend the pleadings and until June 7, 2026, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant XPO Logistics Freight, Inc. and RXO Capacity Solutions, LLC intend to file: Answers to Plaintiffs' Second Amended Complaint. If Plaintiffs are permitted leave to file a further Amended Complaint, then these Defendants intend to file Amended Answers or other applicable responsive pleadings to the Amended Complaint.

Defendants(s) should be allowed until July 7, 2026 to file Answers to Plaintiffs' Second Amended Complaint and to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties further stipulate and agree that the law governing this case is New Mexico substantive law and federal procedural law.

## PLAINTIFF'S CONTENTIONS - EP EXPEDITED TRANSPORT, LLC

On October 18, 2021, at approximately 6:00 a.m., Plaintiff Kenneth Sanchez was driving northbound on I-25 in the left-hand lane. At the same time, while in the course and scope of his employment with Defendant EP Expedited Transport LLC, Defendant Rogelio Martinez was driving northbound on I-25 in a 2015 Kenworth tractor-trailer in the right-hand lane. Mr. Martinez was operating a Kenworth T680 owned by Defendant E P Transport weighing over 20,000 pounds.

As Mr. Sanchez approached mile marker 206, he found himself driving alongside Defendant Martinez. While alongside Mr. Sanchez, Defendant Martinez failed to maintain his lane and allowed the vehicle owned by Defendant E P Transport to cross over into Plaintiff's Lane. Mr. Sanchez honked to alert Defendant Martinez that he had begun to move into his lane, but Defendant Martinez failed to take corrective action and the tractor-trailer continued to veer into Plaintiff's Lane. Defendant Martinez allowed Defendant E P Transport's tractor-trailer to veer into the path of Plaintiff's vehicle, causing the front of the tractor-trailer to hit the front of Plaintiff's vehicle. The impact of the crash caused Plaintiff's vehicle to turn sharply as the tractor trailer

crashed into his vehicle for a second time, sending Mr. Sanchez off the roadway and down into the center median.

Upon investigation of the scene, Los Lunas Police Department determined that Defendant Martinez failed to yield right of way and caused the subject collision. Defendant Martinez was cited by the Los Lunas Police Department for lane violation.

Plaintiffs bring this action against Defendant E P Transport and Defendant Martinez for their negligence, and their reckless, wanton, and knowing disregard for the safety of vehicles in or around the fueling station where the crash occurred. This is a civil action for damages to remedy Defendants' negligence and violation of the Federal Motor Carrier Safety Regulations as well as Defendant E P Transport's vicarious liability for Defendant Martinez' negligence. Defendants' negligence caused serious personal injury, including a traumatic brain injury, to Plaintiff Kenneth Sanchez as well as economic damages and emotional distress. Plaintiffs seek punitive damages against all Defendants. Plaintiff Kathy Sanchez seeks compensation for loss of consortium due to her husband's physical injury and traumatic brain injury.

## EP EXPEDITED DEFENDANTS' CONTENTIONS

Defendants EP Expedited Transport LLC and Rogelio Martinez deny the allegations in Plaintiff's Original Complaint. Defendants deny that they acted negligently in any way. The proximate cause of the alleged injuries and damages in Plaintiff's Complaint was the act or acts of Plaintiff and/or third parties for which Defendants are no way liable or responsible. If Defendants were in any way negligence, which negligence is expressly denied, Plaintiff and/or third parties were also negligent, which negligence was a proximate, contributing cause of the alleged injuries and damages. The contributing negligence and/or fault of Plaintiff and/or said third parties should be apportioned, and any damages awarded against Defendants should be reduced by the percentages of fault found against Defendants and any other third parties, and any award against

Defendants should be limited only to its own percentage of fault, which fault is expressly denied. Defendants deny any negligence and further deny any violation of the Federal Motor Carrier Safety Regulations or of New Mexico law as alleged by Plaintiff. Further, Defendants deny that any negligence, which is expressly denied, caused the alleged injuries or damages sought by Plaintiff. Defendants further deny any conduct that would support a claim for punitive damages as alleged by Plaintiff.

**PLAINTIFF'S CONTENTIONS AGAINST RXO CAPACITY SOLUTIONS, INC.**

Plaintiffs contend that RXO Capacity Solutions, LLC (hereinafter "RXO") as successor in-interest to XPO Logistics, LLC (which did business as "XPO Logistics" and was a subsidiary of XPO Logistics, Inc.) was responsible for the load that Defendant Martinez was hauling at the time of the crash on October 18, 2021. XPO Logistics, LLC accepted the load as a motor carrier before assigning it to EP Expedited Transport. RXO, as successor in interest to XPO Logistics, LLC, was involved in the transportation of goods through New Mexico and controlled the time, manner, and methods of the delivery as a motor carrier who accepted the load. Plaintiffs also allege that RXO selected Defendant EP Expedited Transport to transport and deliver the contracted load, established the timing of the pickup and transport through New Mexico, and maintained control over the delivery. Plaintiffs further allege that RXO, as a successor-in-interest to XPO Logistics, LLC, assumed liabilities related to the load identified in the Manifest 043.101621.0780.XPOL.EP5375. Plaintiffs contend that RXO as successor-in-interest to XPO Logistics, LLC, negligently selected EP Expedited Transport and failed to properly investigate EP's safety record, which allegedly included multiple "alert" designations in the Federal Motor Carrier Safety Administration's database for hours-of-service compliance, vehicle maintenance, and crash indicators. These actions and omissions directly and proximately caused the crash and Plaintiffs' resulting injuries.

## DEFENDANTS' XPO LOGISTICS FREIGHT, INC. AND RXO CAPACITY SOLUTIONS, LLC'S CONTENTIONS

Defendants XPO Logistics Freight, Inc. and RXO Capacity Solutions, LLC ("Defendants") contend that the negligence of one or more parties or third parties over whom Defendants have no control and for whom Defendants are not liable or responsible was either the sole proximate cause or a contributory cause of the damages alleged in the Complaint. Defendants contend that no acts or omissions on the part of these Defendants was a substantial factor in causing or contributing to Plaintiffs' claimed injuries and damages, but were superseded by acts or omissions of one or more parties or third parties, which are independent, intervening, and proximate causes of Plaintiffs' claimed injuries and damages for which Defendants are not legally responsible. Defendants also contend that they did not control or have any right to control any aspect of the load or equipment that was allegedly being transported by Defendant EP Expedited Transport LLC at the time of the subject accident. Defendants contend that they did not negligently select Defendant EP Expedited Transport LLC or Defendant Rogelio Martinez. Defendants also contend that alleged "alerts" that Defendant EP Expedited Transport LLC received from the Federal Motor Carrier Safety Administration ("FMCSA") are irrelevant, including because the FMCSA states on its website that "[r]eaders should not draw conclusions about a carrier's overall safety condition simply based on the data displayed in [the Safety Measurement] [S]ystem." Defendants contend that they owed no legal duty to Plaintiffs. Defendants contend that Plaintiffs have failed to assert any valid claim or cause of action against Defendants. Defendants contend that Plaintiffs' claims against Defendants are barred by the applicable statute of limitations, including because Plaintiffs did not properly serve Defendants before the expiration of their statute of limitations. Defendants also contend that Plaintiff

6

Kenneth Sanchez had the last clear chance to avoid the subject accident and therefore, Plaintiffs'

right to a recovery in this case should be reduced or eliminated.

Further, Defendants contend that Plaintiffs have sustained no injuries or damages caused by

any acts or omissions on the part of Defendants. Defendants also contend that any claimed

damages sought to be recovered by Plaintiffs should be reduced to the extent that Plaintiffs have

failed to take the reasonable steps that a person of ordinary prudence in a similar situation would

have taken to avoid the damages claimed by Plaintiffs. Because Plaintiffs failed to mitigate the

damages alleged in the Complaint, Defendants are not legally responsible for those claimed

damages. Defendants also contend that Plaintiffs have no basis for their punitive damages claims

against Defendants and that even if Plaintiffs could establish such claims, that such claims

should be reduced or eliminated on the basis that they violate applicable provisions of the United

States and New Mexico Constitutions.

**<u>PLAINTIFFS' CONTENTIONS AGAINST ROCK SAFETY SOLUTIONS, LLC</u>**

Plaintiffs contend that Rock Safety Solutions, LLC (hereinafter "RSS") contracted with

Defendant EP Expedited Transport to provide safety services, including DOT compliance

assistance. According to Plaintiffs, RSS hired and trained drivers for EP Expedited Transport,

conducted driver orientation, maintained driver qualification files and compliance documentation,

assumed responsibility for driver training, and provided all training materials to EP's drivers.

Plaintiffs specifically allege that RSS hired and trained Defendant Martinez and maintained all

documentation regarding his qualifications to perform as a commercial driver. Plaintiffs contend

that RSS negligently hired, trained, and qualified Defendant Martinez, and this negligence directly

and proximately contributed to the crash and Plaintiffs' resulting injuries. Plaintiffs maintain that

RSS's involvement in driver selection, training, and qualification makes them liable for failing to

ensure that only competent, qualified, and safe drivers were operating commercial vehicles on behalf of EP Expedited Transport.

**PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

**I.    Witnesses who, at this time, will either testify or be deposed include**:

Plaintiffs' Witnesses

a. Plaintiff Kenneth Sanchez, c/o undersigned counsel. Plaintiff will testify regarding the allegations and claims for damages made in Plaintiff's Amended Complaint;

b. Plaintiff Kathy Sanchez, c/o undersigned counsel. Plaintiff will testify regarding the allegations and claims for damages made in Plaintiff's Amended Complaint;

c. Employees and/or agents of Defendant EP Expedited Transport LLC, c/o Seth L. Sparks and Jessica Wilder. Employees and/or agents of Defendant may testify regarding the allegations made in Plaintiff's Complaint;

d. Plaintiff Kenneth Sanchez's treating providers who provided consultation, diagnosis, and treatment prior to and following the incident at issue in Plaintiff's Complaint. The addresses of these treating providers are unknown at this time;

e. Plaintiff Kenneth Sanchez's managers, supervisors, employers, and co-workers at Sandia National Laboratory who will testify regarding the claims made in Plaintiff's Complaint. The addresses of these individuals are unknown at this time;

f. Any and all custodian of records for any records in question, who may testify as to the authenticity of any such records, and whose records will serve as reports. None of these persons have been specifically retained by the parties. The addresses of these individuals are unknown at this time;

g. The parties' expert witnesses who will either testify or be deposed are unknown at this time;

h. Any other witnesses identified through discovery.

### Defendants XPO Logistics Freight, Inc. and RXO Capacity Solutions, LLC's Witnesses

At this early stage of the investigation of the underlying facts and in advance of undertaking discovery in this litigation, Defendants XPO Logistics Freight, Inc. and RXO Capacity Solutions, LLC's ("Defendants") anticipate calling the same fact witnesses identified by Plaintiffs above, in addition to the following potential witnesses not yet identified:

1. Any witness listed by any other party to this case.

2. Any witness identified in any written discovery response, document, or deposition in this case.

3. Any witness needed to authenticate any record.

4. Any witness needed for impeachment.

5. Defendants reserve the right to amend and/or supplement this list pending additional investigation and discovery in this case.

**II.   Documents which, at this time, will be exhibits at the trial include:**

Plantiffs' Exhibits

a. Defendant's policies and procedures for safely operating commercial motor vehicles;

b. Any training materials given to Defendant Martinez by Defendant EP Expedited Transport LLC;

c. Defendant's social media content, communications, images, photos, videos and other types of writing on any social media platform on facts or issues relevant to the case;

9

d. Any accident reports, incident reports or other materials regarding the subject collision or Defendant Martinez;

e. Plaintiff's relevant medical records from prior to and following the incident at issue in Plaintiff's Complaint;

f. Plaintiff's communications with his relevant treating medical providers;

g. Plaintiff's communications from the day of the subject incident;

h. Plaintiff's relevant employment records;

i. Plaintiff's social media content, communications, images, photos, videos and other types of writing on any social media platform on facts or issues relevant to the case;

j. Plaintiff's journals or diaries;

### Defendants XPO Logistics Freight, Inc. and RXO Capacity Solutions, LLC's Exhibits

1. State of New Mexico Uniform Crash Report 30286028;

2. Photos and videos of the scene of the subject accident;

3. Photos and videos of the vehicles involved in the subject accident;

4. Images of the area of the subject accident;

5. New Mexico State Police CAD;

6. Plaintiffs' medical records and bills;

7. Plaintiffs' educational records;

8. Plaintiffs' employment records;

9. Plaintiffs' income records;

10. Any exhibit listed by any other party to this case;

11. Any contract, shipping, onboarding, and/or other types of documents concerning the load at issue in this case; and

12. Defendants reserve the right to amend and/or supplement this list pending

10

additional investigation and discovery in this case.

**III.    Experts who, at this time, will either testify or be deposed include:**

**Plaintiffs' Experts**

a. Trucking industry expert to testify regarding the proper policies and procedures for safely operating a commercial motor vehicle;

b. Accident reconstructionist experts to testify as to their investigation of the accident, liability analysis, and the allegations as alleged in Plaintiff's Complaint;

c. Medical experts to testify as to Plaintiff's alleged injuries and damages as alleged in Plaintiff's complaint;

d. Any other expert witnesses who will either testify or be deposed are unknown at this time.

<u>**Defendants XPO Logistics Freight, Inc. and RXO Capacity Solutions, LLC's Experts**</u>

Defendants have not yet decided which experts they will call at the trial in this case, but at the very least, intend to call experts to rebut each of the experts called by Plaintiffs. Defendants may designate experts in the areas of accident reconstruction, biomechanics, human factors, toxicology, medicine, medical billing, transportation compliance, and freight brokerage.

**Discovery will be needed on the following subjects:** Discovery will be needed on the issues of liability and damages.

Plaintiffs requests that each side be permitted 50 interrogatories by each party to any other party.  Defendants oppose that request and instead request a limit of 25 interrogatories by each party to any other party.  The parties respectfully request that the Court resolve this issue. (Response due 30 days after service).

The parties request a maximum of 50 requests for admission and 50 requests for production by each party to any other party.  (Response due 30 days after service).

Plaintiffs requests that each side be permitted to take up to ten depositions per party. Defendants oppose that request and instead request that each side be permitted to take up to five depositions per party. The parties respectfully request that the Court resolve this issue. Each deposition is limited to a maximum of 7 hours on the record unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by October 5, 2026

from Defendant(s) by November 20, 2026

Supplementation under Rule 26(e) due November 27, 2026 *(set time(s) or interval(s))*.

All discovery commenced in time to be complete by December 5, 2026.  Discovery on *(issue for early discovery)* to be completed by _____.

**Other Items:** None at this time.

## PRETRIAL MOTIONS

**Plaintiff intends to file:** motions for summary judgment, Daubert motions, various motions in limine, and other pretrial motions as needed.

**EP Expedited Defendants intend to file**: motions for summary judgment, Daubert motions, various motions in limine, and other pretrial motions as needed.

**Defendants RXO Capacity Solutions, LLC and XPO Logistics Freight, Inc. intend to file**:  motions for summary judgment on one or more causes of action asserted by Plaintiffs, applicable motions *in limine*, motions to exclude or limit testimony of witnesses and experts, and *Daubert* motions as needed.

**Defendant Rock Safety Solutions, LLC intends to file:** motions for summary judgment, Daubert motions, various motions in limine, and other pretrial motions as needed.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 10 days.

_____ This is a non-jury case.

X____ This is a jury case.

The parties request a pretrial conference in April 2027.

## SETTLEMENT

The possibility of settlement in this case may be enhanced by the use of the following alternative dispute resolution procedure after written discovery is exchanged and depositions are completed. The parties were unable to reach agreement regarding the timing of mediation or the selection of a mediator. No mediation deadline has been agreed upon, and the parties have not mutually agreed upon a mediator.

## EXCEPTIONS

None.

APPROVED WITHOUT EXCEPTIONS

/s/Deena L. Buchanan_____
Deena L. Buchanan
Buchanan Law Firm, LLC
5345 Wyoming BLVD. NE, Suite 202
Albuquerque, NM 87109
(505) 900-3559
deena@dbuchananlaw.com
For Plaintiff Kenneth Sanchez and Kathy Sanchez; and

13

/s/Peter J. Kestner_____
Peter J. Kestner
5854 Blackshire Path
Inver Grove Heights, MN 55076
(651) 224-3833
pete@crawfordkester.com
For Plaintiff Kenneth Sanchez and Kathy Sanchez; and

/s/ *No response received*_____
Seth L. Sparks
201 Third Street NW Ste. 2200
Albuquerque, NM 87102
(505) 765-5900
ssparks@rodey.com
Attorney for Defendants EP Expedited Transport LLC and
Rogelio Martinez; and

/s/ *Brian J. Fisher*_____
Brian J. Fisher
David C. Larsen
Ryan T. Goodhue

4101 Indian School Road NE, Suite 301N
Albuquerque, New Mexico 87110
Telephone: 505.483.1840
Facsimile: 505.483.1841
Email: bfisher@mayerllp.com
        dlarsen@mayerllp.com
        rgoodhue@mayerllp.com

-and-

Van E. Parham III

750 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
Telephone: 214.379.6900
Email: tpharham@mayerllp.com

*Attorneys for Defendants RXO Capacity*
*Solutions, LLC and XPO Logistics Freight, Inc.*