**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KENNETH SANCHEZ and KATHY SANCHEZ,

Plaintiffs,

v. No. 1:24-cv-255-SMD-KRS

EP EXPEDITED TRANSPORT LLC; ROGELIO MARTINEZ; XPO LOGISTICS FREIGHT, INC.; RXO CAPACITY SOLUTIONS, LLC; and ROCK SAFETY SOLUTIONS, LLC,

Defendants.

**ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court *sua sponte*.

**Background**

Plaintiffs filed the First Amended Complaint more than two years ago in which they identified several new Defendants who were not named in the original state court complaint. *Compare* (Doc. 53) *with* (Doc. 1-1). Included among the Defendants who were newly named at that time was an entity called Rock Safety Solutions, LLC ("Rock Safety"). *See* (Doc. 53). The docket indicates that a summons was issued to Rock Safety on the First Amended Complaint on October 1, 2024. Plaintiffs filed a Proof of Service that purportedly shows service on Rock Safety on October 29, 2024 through an individual identified as "Cecilia Castillo, Safety Manager." (Doc. 74).[1] On December 13, 2024, Plaintiffs filed a motion to vacate the case deadlines which stated that Rock Safety Solutions, LLC's Answer was due to be filed on November 29, 2024. (Doc. 80

[1] The Proof of Service does not itself identify the Defendant who was served; however, Rock Safety Solutions, LLC is identified in the text accompanying the docket entry for the Proof of Service. *See* (Doc. 74).

at 2). At a hearing held on January 14, 2025, Plaintiffs' counsel suggested that the attempted service on Rock Safety may not have been effective. *See* (Docs. 85, 94 at 1). Plaintiffs' counsel mentioned the central role of Rock Safety to Plaintiffs' claims in the case. (*Id.* at 2). The importance of bringing Rock Safety into the case to participate in discovery was discussed by other defense counsel as well. (*Id.*).

On April 18, 2025, Plaintiffs filed a motion seeking leave to file a Second Amended Complaint, the purpose of which was to clear up the proper identities of two other defendants named in the First Amended Complaint. (Doc. 102). The status of Rock Safety was not discussed in that motion, but it was addressed at a hearing held on October 21, 2025, at which the Court asked Plaintiffs' counsel what the status of Rock Safety was. Plaintiffs' counsel answered that Rock Safety had been served but had not appeared. *See* (Doc. 113 at 2).

Plaintiffs filed the currently operative Second Amended Complaint (Doc. 117) on November 14, 2025, in which they continued to name Rock Safety as a Defendant. An affidavit of service on Rock Safety as to the Second Amended Complaint was filed on December 5, 2025, which indicates that Rock Safety was served on November 25, 2025 by hand-delivery of the summons and complaint to "Maritza Sanchez, Manager and Authorized Agent." (Doc. 125).

Two other Defendants named in the Second Amended Complaint—RXO Capacity Solutions, LLC ("RXO") and XPO Logistics Freight, Inc. ("XPO")—filed motions to dismiss the Second Amended Complaint based on, among other things, insufficiency of service of process. (Docs. 129, 130). At the hearing on those motions held on March 25, 2026, the Court asked counsel for RXO and XPO whether he was raising any problem with the service of Rock Safety. Counsel responded no, he was not appearing on Rock Safety's behalf. (Doc. 148 at 2). The Court asked the same counsel whether Rock Safety got notice of this lawsuit, and counsel responded "ultimately,

yes." (*Id.*).[2] The Court also asked Plaintiffs' counsel about the status of Rock Safety, and Plaintiffs' counsel responded only that Rock Safety had been served with the *First* Amended Complaint. (*Id.*). There was no further discussion at the hearing concerning the status of Rock Safety.

The Court indicated during the hearing on the motions to dismiss filed by RXO and XPO that those motions would be denied. (*Id.* at 3).[3] The Court then set the case for a third scheduling conference. Rock Safety did not participate in the parties' planning meeting prior to the third scheduling conference. *See* (Doc. 157 at 1-2). Although Plaintiffs' contentions against Rock Safety are set out in the parties Joint Status Report (*id.* at 7-8), no mention of that Defendant was made at the June 23, 2026 scheduling conference. The Court asked the parties at the scheduling conference whether there was anything counsel wanted to tell the Court about the case that would impact scheduling, to which counsel confirmed there was not. (Doc. 165 at 1). Following the June 23, 2026 scheduling conference, the Court entered the currently operative Scheduling Order, which provides that fact discovery is to conclude by December 5, 2026, and that pretrial motions must be filed by January 4, 2027. (Doc. 166 at 1-2).

On August 13, 2026, the case was reassigned to District Judge Davenport as the presiding trial judge (Doc. 172), and on October 6, 2026, Judge Davenport set a trial date of November 29, 2027 (Doc. 183). At a status before the undersigned on October 21, 2026, the parties indicated that they intended to seek an extension of the discovery and motions deadlines in the June 23, 2026 Scheduling Order, but they have not done so as of the date this filing. The parties have agreed to conduct a settlement conference on April 22, 2027.

[2] The Court did not explore the basis of counsel's knowledge concerning notice supposedly received by an entity that counsel stated he did not represent.

[3] A written order denying the motions was entered July 30, 2026. (Doc. 170).

**Discussion**

Pursuant to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte." *Tavarres v. Buffet*, No. CIV 24-0581 JB/KBM, 2025 WL 1455921, at *1 (D.N.M. May 21, 2025). Furthermore, D.N.M. LR-Civ. 41.1, permits a court to dismiss an action "if, for a period of ninety (90) days, no steps are taken to move the case forward."

To date, the record reflects no responsive pleading on behalf of Defendant Rock Safety Solutions LLC. Nor does it reflect any activity by Plaintiffs to proceed with their claims against Defendant Rock Safety Solutions LLC since Plaintiffs filed an affidavit of service on December 5, 2025. That was approximately eleven months ago. Since then, Defendant Rock Safety has not appeared, and Plaintiffs have not taken any steps to seek entry of default against that Defendant or moved for a default judgment.

**IT IS THEREFORE ORDERED** that Plaintiffs show cause no later than **November 20, 2026** why their claims against Defendant Rock Safety Solutions LLC should not be dismissed without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b) and D.N.M. LR-Civ. 41.1.

IT IS SO ORDERED this 30th day of October, 2026.

Kevin Sweazea

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE