**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KENNETH SANCHEZ and
KATHY SANCHEZ,
Plaintiffs,

v. No. 1:24-cv-00255-SMD-KRS

EP EXPEDITED TRANSPORT LLC,
ROGELIO MARTINEZ, XPO LOGISTICS FREIGHT,
INC., RXO CAPACITY SOLUTIONS, LLC, ROCK
SAFETY SOLUTIONS, LLC, ABC CORPORATIONS,
123 PARTNERSHIPS, and XYZ LIMITED
LIABILITY COMPANIES,

Defendants.

**CONFIDENTIALITY ORDER**

This matter is before the Court on the Stipulated Motion For Entry Of Confidentiality Order" ("Motion") filed jointly by Plaintiffs Kenneth Sanchez and Kathy Sanchez and Defendants RXO Capacity Solutions, LLC, XPO Logistics Freight, Inc., EP Expedited Transport LLC, and Rogelio Martinez. (**Doc. 196**). The Motion states that the parties may be required to produce or disclose in this proceeding certain confidential or private information, documents or things, the disclosure of which, without reasonable restriction on its use, may cause harm, damage, loss, embarrassment or disadvantage to the producing party. For this reason, the parties state that they desire entry of an order under the Federal Rules of Civil Procedure and other applicable laws and rules to facilitate the orderly and cost-effective discovery of relevant information while minimizing the potential for unauthorized disclosure of confidential material. Finding good cause pursuant to Fed. R. Civ. P. 26(c) for entry of a blanket protective order as set forth in the Motion, and noting the agreement of the parties, the Court **GRANTS** the Motion and enters the parties' stipulated Protective Order, with slight modifications, as follows:

1. Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Protective Order any information, document or thing, or portion of any document or thing: (a) that contains trade secrets (as defined in the New Mexico Uniform Trade Secrets Act, NMSA 1978 Section 57-3A-2(D)), competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c), and/or any other applicable provision of federal or New Mexico law. Any party to this litigation or any third party covered by this Confidentiality Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading or testimony, shall mark the same with the following or similar legend: "PROTECTED DOCUMENT – Subject to Protective Order" (herein "Confidential"). If a party produces a Confidential document in native format, the native file shall be renamed to include the confidentiality designation.

2. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by order of the Court.

3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained by outside counsel for purposes of this action;

c. Law firm staff, including but not limited to secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court, court personnel, and the jury;

e. Any deponent may be shown or examined on any information, document or thing designated Confidential unless the parties stipulate otherwise;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean persons who are required to participate in decisions with reference to this lawsuit.

4. Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the

party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the final deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, by giving specific page and line references. This period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 3.

6. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within fifteen (15) days, and shall state with particularity the grounds for asserting that the document or information is

Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or third party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to the Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged may file a motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal.

8. The parties acknowledge that this Order does not entitle them to seal Confidential Information filed with the Court. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. Contemporaneously with that filing, however, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the

designating party”). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so, why, within 14 days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the 14-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

9. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Confidentiality Order.

10. This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

11. This Order may be modified by agreement of the parties, subject to approval by the Court.

12. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

13. This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

IT IS SO ORDERED this 6th day of November, 2026.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**SUBMITTED BY:**

*<u>/s/ Ryan T. Goodhue</u>*
Brian J. Fisher
Ryan T. Goodhue
MAYER LLP
4101 Indian School Rd. NE, Suite 301N
Albuquerque, NM 87110
Telephone: 505-483-1840
Email: bfisher@mayerllp.com
Email: rgoodhue@mayerllp.com
*Attorneys for Defendants RXO Capacity Solutions, LLC and XPO Logistics Freight, Inc.*

**APPROVED BY:**

*<u>Approved via Email 10/30/26</u>*
Kate P. Jones
Deena L. Buchanan
Timothy White
BUCHANAN LAW FIRM, LLC
5201 Eagle Rock Ave. NE, Ste. 2-A
Albuquerque, NM 87113
Telephone: (505) 900-3559
Email: kate@dbuchananlaw.com
Email: deena@dbuchananlaw.com
Email: tim@dbuchananlaw.com
*Attorneys for Plaintiffs Kenneth Sanchez and Kathy Sanchez*

*Approved via Email 11/0426*
Seth Sparks
Lauren T. Winston
Lauren T. Chavez
RODEY DICKASON SLOAN AKIN & ROBB, P.A.
P.O. Box 1888
Albuquerque, NM 87103
Telephone: 505-765-5900
Email: ssparks@rodey.com
Email: lwinston@rodey.com
Email: lchavez@rodey.com
*Attorneys for Defendants EP Expedited Transport, LLC and Rogelio Martinez*